IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02786

DAVID ULERY,

    Plaintiff,

v.

HAPPY PANDA, INC., a North Carolina Corporation, and
ROBERT SELFORS, individually, and in his official capacity as president of Happy Panda, Inc.

    Defendants.

## CLASS ACTION COMPLAINT AND JURY DEMAND

### INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls…. For nearly 30 years, the people's representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the TCPA, generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Defendants Happy Panda, Inc. and Robert Selfors ("Defendants") have contributed to this barrage of telephone spam by initiating illegal calls to Plaintiff David Ulery ("Ulery").

3. Ulery wants this telephone spam to stop. Others do as well. Ulery's counsel has multiple other clients who have received telephone spam from Defendants.

4. Ulery brings this action individually, and on behalf of putative class members, to seek injunctive relief and damages.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under the TCPA. 47 U.S.C § 227.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a significant portion of the events giving rise to this lawsuit occurred in this district.

## PARTIES

7. Plaintiff David Ulery is a resident of Colorado Springs, Colorado.

8. Defendant Happy Panda, Inc. is a North Carolina corporation with its principal place of business located at 8311 Brier Creek Pkwy, Suite 105192 Raleigh, NC, 27617.

9. Robert Selfors is a resident of Durham, North Carolina.

## FACTUAL ALLEGATIONS

10. Ulery's home, phone, and privacy been invaded by Defendants' non-emergency calls.

11. Ulery is the residential subscriber of the phone number 424-250-8181. Ulery uses this phone number at home. Ulery makes and takes personal calls and text messages on this phone number.

12. Ulery registered the number 424-250-8181 on the national Do Not Call Registry ("DNCR") on September 6, 2011.

13. Defendants have initiated calls to Ulery starting in April of 2020 through October, 2022, including the following four, three of which left the exact same prerecorded voicemail message:

i. Call from +13105134569 on April 7, 2022 at 4:47 pm UTC.

ii. Call from +13105134569 on August 17, 2022, at 4:34 pm UTC
**Voicemail message:** *Hi, my name is Bob Hansen. I am a website builder here in Santa Monica and in Glendale. And I make websites for small businesses anywhere in Southern California on very small budgets. What I'd love to do if you let me is show you a couple of website ideas that I*

have for your business---and I build simple, affordable websites that rank extremely well on Google. And my modern mobile-friendly site design will give your business a great online presence. So please call me, Bob Hansen, 310-313-7465, again 310-313-7465. Bye, bye.

iii. **Call from +13103620812 on September 21, 2022, at 6:02 pm UTC**
<u>Voicemail message:</u> *Hi, my name is Bob Hansen. I am a website builder here in Santa Monica and in Glendale. And I make websites for small businesses anywhere in Southern California on very small budgets. What I'd love to do if you let me is show you a couple of website ideas that I have for your business---and I build simple, affordable websites that rank extremely well on Google. And my modern mobile-friendly site design will give your business a great online presence. So please call me, Bob Hansen, 310-313-7465, again 310-313-7465. Bye, bye.*

iv. **Call from +13106830635 on October 27, 2022 at 4:32 pm UTC**
<u>Voicemail message</u>: *Hi, my name is Bob Hansen. I am a website builder here in Santa Monica and in Glendale. And I make websites for small businesses anywhere in Southern California on very small budgets. What I'd love to do if you let me is show you a couple of website ideas that I have for your business---and I build simple, affordable websites that rank extremely well on Google. And my modern mobile-friendly site design will give your business a great online presence. So please call me, Bob Hansen, 310-313-7465, again 310-313-7465. Bye, bye.*

14. Defendants initiated the calls using a prerecorded voice. The calls sounded like a recording. Multiple voicemails were left in which the voicemail message—including the intonation, pauses, etc.—were exactly the same.

15. Defendants did not disclose their identity on the calls, Instead, they used a fake alias, "Bob Hansen," as the name for the caller.

16. The messages included a call-back number of 310-313-7495. A call back to that number resulted in a recorded message from "Bob Hansen" with "Simple.biz." Simple.biz is a sister site to "https:www.simplesitecompany.com." Both of these sites have identical adwords and google tags.

17. Open-source information, including websites documenting robocalls and scams, as well as online postings from former employees, indicate that "Bob Hansen" is really

Defendant Robert Selfors, See https://www.800notes.com/Phone.aspx/1-773-862-8013, https://www.sitejabber.com/reviews/simplesitecompany.com/, https://www.scamadviser.com/check-website/simplesitecompany.com and https://www.ripoffreport.com/report/simple-site-company-bob/durham-north-carolina-true-1497865.

18. Selfors has actually presented himself as "Bob Hansen," in at least one YouTube video. See https://www.youtube.com/watch?v=egSjRbGoSZc. The video shows Selfors as a "Senior Marketing Strategists" promoting website listings and referral websites for Dental practices titled, "Website Design Appointments."

19. The same individual appearing as Bob Hansen in the Website Design Appointments' video is also featured in multiple other videos promoting Brier Creek Fellowship. These videos are posted to Selfor's personal YouTube channel, bearing his real name and identifying as himself. See https://www.youtube.com/watch?v=2YTRIj_yqJM and https://www.youtube.com/watch?v=Ow9FhMEpRzg.

20. Upon information and belief, Selfors has, for a substantial period of time, perpetuated a pattern of initiating a telemarketing scheme involving the use of an alias, Bob Hansen, as well as set up multiple legal entities based in North Carolina to help facilitate this same scheme. See *Gavin Rozzi v. Robert Selfors, et al.,* No. 3.23-cv-033063-RK-DEA (D.N.J 2023).

21. These entities include Happy Panda Inc., an active North Carolina registered Domestic Corporation since May 22, 2017, with Robert William Selfors listed as its registered agent and President of the company. See https://www.sosnc.gov/online_services/search/Business_Registration_Results.

22. According to a listing in Bizapedia, a phone number for Happy Panda is posted as "919-270-9155." See https://www.bizapedia.com/nc/happy-panda-inc.html). This same phone

number is listed in Truepeoplesearch as associated with Cana Selfors, who is Selfor's spouse and also the registered agent of "Simple Websites, Inc." registered corporation in North Carolina.

23. A call to 919-270-9155 revealed a recorded message saying to call 888-207-7023, which is listed on both the simple.biz and simplesitecompany.com web pages.

24. Based on the above facts, it is clear that Selfors directly controlled, authorized, and/or participated in initiating this deceptive telemarketing scheme that included the various calls and prerecorded messages left for Ulery.

25. Ulery never provided the number 424-250-8181 to Defendants, never had a relationship with Defendants, and never gave permission for Defendants to send any type of communication.

26. Defendants' calls are a nuisance and annoyance to Ulery. The calls have invaded Ulery's privacy. The spam has diminished the value of Ulery's phone and Ulery's enjoyment of life.

27. The calls were especially intrusive, frustrating, and annoying to Ulery because Defendants purposefully hid their identity. Ulery had no idea who was spamming, whether the spammer was somebody whom Ulery had previously told to stop, or whether it was safe for Ulery to make a do-not-call request. By not disclosing their identity, Defendants knowingly tried to prevent Ulery from monitoring and enforcing compliance with the TCPA.

## LEGAL STANDARD

28. **Prerecorded or Artificial Voice**. The TCPA prohibits "any telephone call that includes or introduces an advertisement or constitutes telemarketing" using an "artificial or prerecorded voice" except for "emergency purposes" or with the "prior express written consent" of the called party. 47 C.F.R. § 64.1200(a)(2).

29. **National Do Not Call Registry**. Residential telephone subscribers who do not want to receive telephone solicitations may place their phone number on the national DNCR. 47 C.F.R. § 64.1200(c)(2). The TCPA proscribes callers from making "any telephone solicitation

to… [a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry." 47 C.F.R. § 64.1200(c)(2). Wireless telephone subscribers are allowed to place their number on the DNCR. 47 C.F.R. § 64.1200(e).

30.     **Identification of Caller**. The TCPA requires telemarketers to disclose the name of the individual caller and the name of the person or entity on whose behalf the call is being made. 47 C.F.R. § 64.1200(d)(4).

31.     **Automatic Telephone Dialing System**. The TCPA prohibits calls to cell phones using an automatic telephone dialing system ("ATDS") except for "emergency purposes" or with the "prior express consent" of the called party. 47 C.F.R. §64.1200(a)(1). Calls that introduce an advertisement or constitute telemarketing require "prior express written consent." 47 C.F.R. § 64.1200(a)(2).

32.     **Personal Liability**. Individuals may be personally liable for TCPA violations when the individual "actually committed the conduct that violated the TCPA, and/or actively oversaw and directed this conduct." *City Select Auto Sales Inc. v. David Randall Assocs.*, 855 F.3d 154, 162 (3d Cir. 2018); see also 47 U.S.C. § 217.

## CLASS ACTION ALLEGATIONS

33.     Pursuant to Civ. R. 23(b)(2) and 23(b)(3) of the Federal Rules of Civil Procedure, Ulery brings this action on behalf of all other persons similarly situated throughout the United States.

34.     Ulery proposes the following Classes:

> **The Prerecorded Voice Class**
> All people in the United States (1) to whom Defendants initiated one or more calls to their telephone, (2) using a prerecorded or artificial voice, (3) within the last four years from the filing of this action.
>
> **The DNCR Class**
> All people in the United States (1) to whom Defendants initiated more than one telephone solicitation within any 12-month period, (2) to their telephone number, (3) while their phone number was listed on the national Do Not Call Registry, (4)

within the last four years from the filing of this action.

### The Failure to Identify Class

All persons in the United States (1) to whom Defendants initiated more than one telemarketing call or text message within any 12-month period, (2) to their telephone number, (3) without disclosing the actual name of the individual initiating the calls and the name of the entity on whose behalf the calls were made, (4) within the last four years from the filing of this action.

### The ATDS Class

All people in the United States (1) to whom Defendants initiated more than one call or text message to their cellular telephone, (2) using the same equipment or type of equipment utilized to initiate calls to Ulery, (3) within the last four years from the filing of this action.

35. Ulery does not know the exact number of class members but reasonably believes the number to be in the thousands, thus making joinder of all class members impracticable.

36. Class members are identifiable through phone records and phone number databases.

37. There are questions of law and fact common to Ulery and the class member including but not limited to:

   i. Whether Defendants initiated the calls.
   ii. Whether Defendants' calls violated the law.
   iii. Whether Ulery and class members are entitled to statutory damages, trebled damages, and injunctive relief.

38. Ulery's claims are typical of the claims of the class members. Ulery's claims, like the class members' claims, arise out of the same common course of conduct by Defendants and are based on the same legal and remedial theories.

39. Ulery is an adequate representative of the class because Ulery's interests do not conflict with the interests of the class members, Ulery will fairly and adequately protect the interests of the class members, and Ulery is represented by counsel skilled and experienced in class actions, including TCPA class actions.

40. Common questions of law and fact predominate over questions affecting only individual class members.

41. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the damages are statutory. Notice to class members can be provided by mail or other means. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

42. The likelihood that individual class members will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION
### Illegal Use of a Prerecorded or Artificial Voice
**(On Behalf of Plaintiff and the Prerecorded Voice Class)**

43. Defendants violated 47 C.F.R. § 64.1200(a)(2) by using a prerecorded or artificial voice without consent and without an emergency purpose when initiating calls to Ulery and members of the Prerecorded Voice Class.

44. Selfors directly controlled, authorized, and/or participated in initiating the calls and is therefore personally liable for the calls.

45. Ulery and members of the Prerecorded Voice Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

46. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

47. The court should enjoin such violations. *Id.*

## SECOND CAUSE OF ACTION
### Illegal Solicitation of Persons on the DNCR
**(On Behalf of Ulery and the Do Not Call Class)**

48. Defendants violated 47 C.F.R. § 64.1200(c)(2) by initiating calls to Ulery and members of the DNCR Class while their phone numbers were on the DNCR.

49. Selfors directly controlled, authorized, and/or participated in initiating the calls and is therefore personally liable for the calls.

50. Ulery and members of the DNCR Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

51. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

52. The court should enjoin such violations. *Id.*

## THIRD CAUSE OF ACTION
### Failure To Identify
**(On Behalf of Ulery and the Failure to Identify Class)**

53. Defendants violated 47 C.F.R. § 64.1200(d)(4) by initiating calls to Ulery and members of the Failure to Identify Class without disclosing the name of the individual initiating the calls and the name of the person or entity on whose behalf the calls were made.

54. Selfors directly controlled, authorized, and/or participated in initiating the calls and is therefore personally liable for the calls.

55. Ulery and members of the Failure to Identify Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5).

56. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

57. The court should enjoin such violations. *Id.*

## FOURTH CAUSE OF ACTION
### Illegal Use of an Automatic Telephone Dialing System
### (On Behalf of Ulery and the ATDS)

58. Defendants violated 47 C.F.R. § 64.1200(a)(1)-(2) by using an ATDS to contact Ulery and members of the ATDS Class.

59. Selfors directly controlled, authorized, and/or participated in initiating the calls and is therefore personally liable for the calls.

60. Ulery and members of the ATDS Class have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(b)(3).

61. The court should award $1,500 in statutory damages for each violation because the violations were knowing and willful. *Id.*

62. The court should enjoin such violations. *Id.*

## RELIEF REQUESTED

Ulery respectfully requests the Court grant the following relief:

A. Certification of the proposed Classes;

B. Appointment of Ulery as class representative;

C. Appointment of the undersigned as lead counsel for the Classes;

D. Injunctive relief as set forth above;

E. An award of damages to Ulery and class members, as allowed by law;

F. An award of fees, costs, and interest, as allowed by law; and

G. Orders granting such other relief as the Court deems necessary, just, and proper.

## JURY DEMAND

Ulery requests a jury trial as to all claims of the Complaint so triable.

DATED October 24, 2023

Respectfully submitted,

*/s/ James Wertheim*
James Wertheim
LawHQ, PC
29476 Gates Mills Blvd
Pepper Pike, OH 44124
385-285-1090
jim@lawhq.com

*Attorney for Plaintiff*