IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02786-NYW-MBD

DAVID ULERY,

      Plaintiff,

v.

HAPPY PANDA, INC., a North Carolina Corporation, and
ROBERT SELFORS, individually, and in his official capacity as president of Happy Panda, Inc.

      Defendants.

---

## PLAINTIFF'S MOTION TO ALLOW ALTERNATIVE SERVICE OF PROCCES ON ROBERT SELFORS AND HAPPY PANDA, INC.

---

### INTRODUCTION

Plaintiff David Ulery ("Plaintiff" or "Ulery") respectfully moves this Court for an order authorizing service of process on Defendant Robert Selfors ("Selfors") and Defendant Happy Panda, Inc. ("Happy Panda" or collectively "Defendants") via alternative methods, as permitted by Colorado Rule of Civil Procedure 4 (f), such as email, social media, potential residential phone numbers, through past attorneys, and/or through known family members. Since the Federal Rules are silent on substitute and alternative service, "the deciding [state] court's local rules control." *Two Rivers Water & Farming Co. v. Am. 2030 Cap. Ltd.*, No. 19-cv-01640-CMASTV, 2019 WL 5535227, at *2 (D. Colo. Oct. 25, 2019) (quoting *Hammond v. City of Junction City*, No. 00-2146-JWL, 2002 WL 169370, at *9 (D. Kan. Jan. 23, 2002)). As detailed below, the circumstances in this action plainly satisfy the requirements of Colorado Rule 4(f) for substituted service, and this Court should order alternative service here.

1

**I. BACKGROUND**

North Carolina's Secretary of State Business Corporation Registration identifies Robert

Selfors as the registered agent and President of Happy Panda. *See* Compl. [ECF 1] ¶ 21. As set

forth in the Complaint, Plaintiff is the residential subscriber of the telephone number 424-250-

8181. This number has been registered on the national Do Not Call Registry ("DNCR") since

September 6, 2011. *See id.* ¶ 12. Regardless, Defendants initiated at least three calls to Plaintiff.

Furthermore, Selfors failed to identify himself, instead using the alias "Bob Hansen" [and failing

to identify the entity on whose behalf the calls were initiated], left prerecorded voicemails, and is

believed to have used an Automated Telephone Dialing System to initiate the calls.  *See id.* ¶¶

43-62. Each of these actions constitutes an independent violation of federal law, namely the

Telephone Consumer Protection Act ("TCPA"). *See id.*. In view of the sweeping breadth of

Defendants' unlawful conduct, Plaintiff filed this putative class action against Defendants.

Regarding the avoidance of service here, the Complaint specifies Selfors' close

involvement in a variety of connected businesses that he uses to conceal his physical location,

and his usage of aliases to conceal his actual identity. *See id.* ¶¶ 20-24. The prerecorded

voicemails failed to identify Selfors, but rather falsely identified the caller as "Bob Hansen."

Additionally, Selfors has presented himself as Bob Hansen in multiple YouTube videos. *See id.*

¶¶ 17-19. Furthermore, Defendants have been sued at least once before for TCPA violations, and

the plaintiff in that case also had to seek alternative service. *See Rozzi v. Selfors*, No. 3.23-cv-

033063-RK-DEA, ECF No. 13 at *3 (D.N.J 2023).

**II. LEGAL STANDARD**

2

Colorado Rule 4 establishes "personal service" as the default method of service. Colo. R. Civ. P. 4. But where, as here, personal service proves unattainable, Colorado Rule 4 allows for alternative methods of service, including service by publication and substituted service.

Concerning the former, service by publication "shall be allowed only in actions affecting specific property or status or other proceedings in rem." Colo. R. Civ. P. 4(g). And where, as here, service by publication does not apply:

> the party may file a motion, supported by an affidavit of the person attempting service, for an order for substituted service. The motion shall state (1) the efforts made to obtain personal service and the reason that personal service could not be obtained, (2) the identity of the person to whom the party wishes to deliver the process, and (3) the address, or last known address of the workplace and residence, if known, of the party upon whom service is to be effected If the Court is satisfied that due diligence has been used to attempt personal service under section (e), that further attempts to obtain service under section (e) would be to no avail, and that the person to whom delivery of the process is appropriate under the circumstances and reasonably calculated to give actual notice to the party upon whom service is to be effective (1) authorize delivery to be made to the person deemed appropriate for service

Colo. R. Civ. P. 4(f).

## III. THE COURT SHOULD ORDER SUBSTITUTED SERVICE IN THIS MATTER

### a. Service by Publication is Inappropriate Here

Service by publication is plainly inapplicable here: "The Colorado Rules are explicit that service by publication is permitted 'only in actions affecting specific property or status or other proceedings in rem…'" *Penn-Star Ins. Co. v. Depew MHP, LLC*, No. 21-cv-01256-RMNYW, 2021 WL 5071822, at *2 (D. Colo. Sep. 14, 2021) (quoting Colo. R. Civ. P. 4(f)). Accordingly, substitute service is the appropriate course here.

### b. The Unattainability and Futility of Past Personal Service Attempts Demonstrate the Necessity of Alternative Methods

Prior to submitting his request for summonses to the Court, Plaintiff attempted to obtain addresses of the registered agent for Happy Panda along with Selfors' usual place of abode or workplace to satisfy the requirements of Colo. R. Civ. P. 4 (e)(4),(1). *See* Ex. A hereto. However, Happy Panda's primary place of business is listed on the Secretary of State's website as 8311 Brier Creek Pkwy Suite 105192 Raleigh, NC 27617, which is a UPS Store. *See id.* Moreover, Happy Panda has previously argued that service at this address is invalid, notwithstanding that Defendants have never updated any of the addresses listed on the Secretary of State's website with addresses at which service can be effected. *See Rozzi v. Selfors*, No. 3.23-cv-033063-RK-DEA, ECF No. 13 at *3 (D.N.J 2023). And while Robert Selfors is designated as Happy Panda's registered agent on its Secretary of State's business registration website, with an address at 710 Obsidian Way, Durham, NC 27703, at least one federal court has determined that service attempts at this address are futile. *See id*. Against this backdrop, Plaintiff's requests for summonses for both Happy Panda and Robert Selfors specified Selfors' last known address 1809 Capstone Dr., Durham, NC 27713. *See* ECF No. 5.

On October 31, 2023, service was attempted at the above-mentioned address, but the current resident who answered the door informed the server that Selfors has not resided at that address for at least two years. *See* Ex. A hereto. On November 4, 2023, a second service attempt was made at 5 Laurel Leaf Ct., Durham, NC 27703, which Plaintiff had identified as another potential residential address for Selfors. *See id.* On this occasion, the server again was informed at the door that Selfors does not reside there, but also that the Sheriff had previously attempted to locate Selfors at the address as well. (The affidavit of non-service, attached as Exhibit A hereto, details the above-described service attempts.)

Again, at least one federal court already has determined that further investigation into additional potential addresses for service would be futile in view of Defendants' continuing efforts to frustrate and avoid service and necessitated a motion for alternative service. *See Rozzi v. Selfors,* No. 3.23-cv-033063-RK-DEA, ECF No. 10 (D.N.J 2023).

Thus, notwithstanding Plaintiff's diligence in attempting to effectuate service, Defendants' pattern of avoidance makes service impossible, and continued service attempts through conventional means would be futile.

**c.    Substituted Service Methods are Necessary under the Circumstances and Likely to Give Actual Notice to Defendants**

Under the circumstances, service can be achieved satisfactorily through alternative methods. First, the Court may order service on Defendants' recent counsel, Peter Cipparulo, III. Mr. Cipparulo has represented Defendants as recently as December 19, 2023, in the aforementioned *Rozzi* case pending in the District of New Jersey (and likewise arising from Defendants' TCPA violations).

Indeed, this Court has recognized the necessity and propriety of such service before: "[C]ourts in this District have also held that Colorado law allows a plaintiff to serve a defendant's attorney if the attorney is currently representing or has recently represented the defendant. *Two Rivers,* 2019 WL 5535227, at *3 (finding that counsel, who had represented the defendants in "a contemporaneous arbitration proceeding relating to the same matters at issue in [the] case" had "a professional obligation to provide actual notice to Defendants of this substituted service"). *See also JDK LLC v. Hodge*, No. 15-cv-00494-NYW, 2015 WL 2455504, at *2 (D. Colo. May 22, 2015) (finding that an attorney who had represented the defendants in negotiations related to the lawsuit was an appropriate person to serve under the circumstances, despite the fact that the attorney did not then represent the defendants)." *See Penn-Star*

*Insurance Company v. Depew MHP, LLC et al.*, No. 21-cv-01256-RMNYW, 2021 WL 2021 WL 5071822, at * 10-11 (D. Colo. Sep. 14, 2021).

In the alternative, this Court should allow Plaintiff to attempt service through one of the after mentioned forms of contact whether it be through known email addresses, rwselfors@liberty.edu and BrierCreekFellowship@gmail.com; to social media platforms, a known Facebook account belonging to Robert Selfors; to suggested personal telephone numbers, 919-428-6577 and that of his wife Cana Selfors 919-270-9155.

Plaintiff respectfully submits that each of these proposed methods is reasonably calculated to provide actual notice to Defendants, and that this Court should order service accordingly.

## IV. CONCLUSION

As detailed above, Plaintiff has diligently researched and attempted personal service on Defendants. Despite these efforts, and in view of Defendants' history of evading service, future personal service attempts will prove futile. Because service by publication is inapplicable to this action, Plaintiff respectfully submits that this Court should order service through one or more of the above-described alternative methods.

DATED January 22, 2024

Respectfully submitted,

*/s/ James Wertheim*
James Wertheim
LawHQ, PC
29476 Gates Mills Blvd
Pepper Pike, OH 44124
385-285-1090
jim@lawhq.com

*Attorney for Plaintiff*